# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Martin C. Ashman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 943 | **DATE** | 9/2/2004 |
| **CASE TITLE** | S. Richard Van Horne III, et al. vs. The Glen Falls Insurance Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter memorandum opinion and order. Plaintiffs' motion for entry of judgment [34-1] is granted. Judgment is hereby entered in favor of plaintiffs in the amount of $331,863.32 and statutory interest will continue to accrue until paid in full.

(11) ■ [For further detail see order attached to the original minute order.]

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

S. RICHARD VAN HORNE III and )
MARY M. VAN HORNE, )
)
Plaintiff, ) Case No. 03 C 0943
)
v. ) Magistrate Judge
) Martin C. Ashman
THE GLEN FALLS INSURANCE )
COMPANY d/b/a ENCOMPASS )
INSURANCE (formerly known as )
CNA PERSONAL INSURANCE), )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

In a Memorandum Opinion and Order dated May 24, 2004[1], this Court granted Plaintiffs S. Richard Van Horne III and Mary M. Van Horne's motion for summary judgment on Count I of Plaintiffs' complaint against Defendant, Encompass Insurance, alleging that Encompass failed to comply with Wisconsin's valued policy statute by refusing to pay the total policy limit on their homeowner's insurance after their house was damaged and determined to be a total loss. Count II of Plaintiffs' complaint, a demand for interest on the unpaid amount of their insurance policy, is now before this Court. Plaintiffs filed the present motion for entry of judgment and demand interest on the unpaid amount of their insurance policy pursuant to Wisconsin Statute § 628.46 ("Section 628.46"). For the following reasons, Plaintiffs' motion is granted.

---

[1] Further background and the pertinent sections of the Wisconsin valued policy statute are set forth in this Court's previous opinion, *Van Horne v. Glen Falls Ins. Co.*, 2004 WL 1166629 (N.D. Ill. May 24, 2004), and familiarity with that opinion is presumed.

## I. Discussion

### A. Wisconsin Statute Section 628.46 Applies

This Court previously granted summary judgment on Count I in favor of Plaintiffs, finding Encompass liable for $768,000 on its insurance policy, less the amount Encompass has already paid. In Count II of their complaint, Plaintiffs now claim that, pursuant to Section 628.46, they are entitled to 12% interest per year on the overdue balance of their insurance claim. Section 628.46(1) reads:

> Unless otherwise provided by law, an insurer shall promptly pay every insurance claim. A claim shall be overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of the loss. If such written notice is not furnished to the insurer as to the entire claim, any partial amount supported by written notice is overdue if not paid within 30 days after such written notice is furnished to the insurer. Any part or all of the remainder of the claim that is subsequently supported by written notice is overdue if not paid within 30 days after written notice is furnished to the insurer. Any payment shall not be deemed overdue when the insurer has reasonable proof to establish that the insurer is not responsible for the payment, notwithstanding that written notice has been furnished to the insurer. For the purpose of calculating the extent to which any claim is overdue, payment shall be treated as being made on the date a draft or other valid instrument which is equivalent to payment was placed in the U.S. mail in a properly addressed, postpaid envelope, or, if not so posted, on the date of delivery. All overdue payments shall bear simple interest at the rate of 12% per year.

Wis. Stat. § 628.46(1).

Section 628.46 is unrelated to the tort of bad faith and its application is not conditioned on the insurer's reasons for denying or delaying payment of claim. *Anderson v. Cont. Ins. Co.*, 271 N.W.2d 368, 379 (Wis. 1978); *Poling v. Wis. Physicians Serv.*, 357 N.W.2d 293, 298-99 (Wis. Ct. App. 1984). The only safe harbor found in Section 628.46(1) is where the insurer has "reasonable proof that it is not responsible for the payment." *Poling*, 357 N.W.2d at 298-99.

The insurer, therefore, bears the burden of presenting actual proof of non-responsibility for payment and will only be excused from its obligation to pay interest once that burden is met. *Midland Ins. Co. v. Plescia*, 55 B.R. 831, 838 (Bnkr. E.D. Wis. 1985); *Fritsche v. Ford Motor Credit Co.*, 491 N.W.2d 119, 129 (Wis. Ct. App. 1992). An insurer's burden of proof might be satisfied where the question of coverage is fairly debatable. *U.S. Fire Ins. Co. v. Good Humor Corp.*, 496 N.W.2d 730, 741-42 (Wis. Ct. App. 1993). An insurer's mere lack of knowledge, however, is not proof. *Fritsche*, 491 N.W.2d at 129.

Encompass argues that the remainder of its question of coverage is fairly debatable so it is not obligated to pay Plaintiffs any interest on the insurance claim. Where the question of coverage is "fairly debatable" the insurer's burden of proof of non-responsibility is satisfied and the reasonable proof exception to Section 628.46 applies. *U.S. Fire Ins. Co.*, 496 N.W.2d at 742. In *U.S. Fire Ins. Co.*, a Wisconsin appellate court found that an insurer's obligation to defend an insured against a third-party suit had been "fairly debatable" because the parties' insurance contract contained a complex web of applicable and inapplicable exclusions, including "ambiguous" exclusions. *Id.* at 737-39. Although the court ultimately found the insurer liable for breach of contract, the court refused to impose interest under Section 628.46 and held that the insurer was entitled to have its novel and complex legal issues resolved by a court free from an interest penalty. *Id.* at 742.

The reasonable proof exception to Section 628.46 does not apply in this case. Encompass claims that the parties had difficulty interpreting their agreement and that Plaintiffs' insurance claim was a "moving target" which at no time corresponded to this Court's ultimate ruling. Encompass also implies that Wisconsin's valued policy statute, Wisconsin Statute § 632.05(2), is

somewhat ambiguous because the parties had difficulty determining their obligations under that statute. Unlike *U.S. Fire Ins. Co.*, however, this case is not complicated by novel legal issues and does not involve an ambiguous or overly complex contract. At all times, Wisconsin law addressed the issues involved in the case at bar. Furthermore, this Court found the terms of both the insurance policy and Wisconsin's valued policy statute unambiguous. While the parties disagreed as to how much money was owed under their contract, the question of coverage was never "fairly debatable" under the *U.S. Fire Ins. Co.* standard.

Encompass fails to present reasonable proof that it is not responsible for the prompt payment of Plaintiffs' claim. Because the obligations of the parties are neither ambiguous nor debatable, simple interest at the rate of 12% per year is due on the overdue claim and will be added to the judgment in favor of Plaintiffs.

### B. Interest Began to Accumulate on June 24, 2002

Plaintiffs claim that interest on their overdue claim began to accrue on June 24, 2002, thirty-one days after a study commissioned by Encompass rendered Plaintiffs' Delavan property to be a constructive total loss. Encompass claims that it did not determine Plaintiffs' loss to be a total loss until September 23, 2002, and further argues that interest could not begin to accrue until discussions to rebuild Plaintiffs' Delavan property broke down and Plaintiffs filed this law suit.

In May 2002, Encompass paid Environmental Diagnostics, Inc. to investigate the extent of the damage to Plaintiffs' Delavan property. On May 24, 2002, Environmental Diagnostics submitted a report of its study to Encompass. The May 24, 2002 study informed Encompass that

- 4 -

the Delavan property was a constructive total loss. Encompass contends that the May 2002 study was not sufficient to support a finding of total loss. According to Encompass, the May 2002 study was part of an ongoing investigation which included: the May 2002 study, a second study of Plaintiffs' property damage submitted in writing in late August 2002, and a title search of the Delavan property in late September 2002. According to Encompass, this ongoing investigation concluded on September 23, 2002, when Encompass finally determined that a total loss had indeed occurred.

Under the circumstances of this case, the Court does not find Encompass' ongoing investigation argument plausible. There is no indication that Encompass ever disputed the May 2002 expert-finding that the Delavan property was a total loss. In a July 19, 2002 letter to Encompass, Curt Yearwood, a public adjustor working with the Plaintiffs, refers to the Delavan property as a total loss. There is no evidence that Encompass disagrees with this letter. At the August 2002 investigation, Encompass' Philip Greenlee and Timothy Skinner were again told, this time by investigators from Building Evaluation and Design, that the Delavan property was an obvious total loss. And an August 15, 2002, entry in Encompass' own File History Report on the Plaintiffs' claim states that the August 2002 investigation, along with the May 2002 report, clearly established the Delavan property as a total loss. The Court finds no reason why Encompass, having received notice of Plaintiffs' total loss in May 2002, waited three months before seeking a second opinion regarding the property damage. Similarly, the Court finds no reason why a fourth month passed before Encompass was satisfied that Plaintiffs in fact owned the Delavan property. Even if Encompass was simply being overly cautious such a delay in payment is still penalized under Section 628.46. From a policy standpoint, Section 628.46 imposes interest on overdue

claims, even where there is no showing of bad faith, in order to charge the insurer for retaining and using the insured's property during the delay. *Midland Ins. Co.*, 55 B.R. at 838 (where disputed insurance proceeds are turned over to the court the insurer does not retain use of the funds and is not subject to the Section 628.46 interest penalty). Mindful of both the parties' actions and the policy behind Section 628.46, this Court rejects Encompass' ongoing investigation argument and finds that Encompass had notice of the total loss on May 24, 2002.

Encompass received notice of the fact of Plaintiffs' covered loss and the amount of that loss on May 24, 2002, and thirty-one days later Section 628.46 interest began to accrue. In our previous holding, we found that neither Plaintiffs' insurance policy nor the Wisconsin valued policy statute are ambiguous and that the statutory "policy limits of the policy insuring the property" equal the policy's Property Location Limit. "Total loss" of the property triggered Encompass' obligation to pay the "policy limits of the policy insuring the property" under Section 632.05(2). That statute acts as a contract for liquidated damages and serves to "eliminate controversy as to the amount of loss by requiring the parties to agree upon the amount to be paid in the event of total destruction." *Fox v. Milwaukee Mechanics' Ins. Co.*, 246 N.W. 511, 512 (Wis. 1933). Because the terms of the valued policy statute as written, not as modified by the parties, are incorporated into Plaintiffs' policy by default, the parties cannot agree that the amount of the loss will be anything other than what the statute expressly requires: the policy limits of the policy insuring the property. We found that this is the Property Location Limit. The implications of this finding are clear. Written notice of the "total loss" of the insured property, which occurred on May 24, 2002, constituted effective notice of both "the fact of a covered loss and of the amount of the loss" as required by Section 628.46. Thus, the amount of $768,000, Plaintiffs' policy's

entire Property Location Limit, was effectively submitted on May 24, 2002. Thirty-one days later, on June 24, 2002, the unpaid balance of the claim was overdue and simple interest at the rate of 12% per year began to accrue.

At the time of this order, Encompass owes Plaintiffs $273,372.53 on their insurance policy and $86,415.42 in interest under Section 628.46. On June 24, 2002, Plaintiffs' overdue claim was for $768,000. From June 24, 2002 until August 15, 2002, Plaintiffs' overdue claim accumulated $13,382.13 of interest. On August 16, 2002, Encompass paid Plaintiffs $73,736.81, reducing Plaintiffs' unpaid claim to $694,263.19. From August 16, 2002 until September 22, 2002, Plaintiffs' overdue claim accumulated $8,673.49 of interest. On September 23, 2002, Encompass paid Plaintiffs $384,000, reducing Plaintiffs' unpaid claim to $310,263.19. From September 23, 2002 until November 21, 2002, Plaintiffs' overdue claim accumulated $6,120.24 of interest. On November 22, 2002, Encompass paid Plaintiffs $36,890.66, reducing Plaintiffs' unpaid claim to $273,372.53. Since November 22, 2002, Plaintiffs' overdue claim has accumulated $58,490.79 as of September 2, 2004. Interest shall continue to accrue from and after the date of this decision until the total sum ordered by this Court has been paid pursuant to the statute.

## II. Conclusion

For the foregoing reasons, the Court grants judgment for Plaintiffs, summary judgment

having previously been granted on Count I. Judgment is hereby entered in favor of Plaintiffs in the amount of $331,863.32 and statutory interest will continue to accrue until paid in full.

**ENTER ORDER:**

Dated: September 2, 2004.

*[signature: Martin C. Ashman]*

**MARTIN C. ASHMAN**
United States Magistrate Judge

Copies have been mailed to:

| | |
|---|---|
| MICHAEL CHILDRESS, Esq. | MELVIN M. WRIGHT, JR., Esq. |
| JASON E. DeVORE, Esq. | M. KEITH MOSKOWITZ, Esq. |
| Childress & Zbed, Ltd. | Sonnenschein Nath & Rosenthal, LLP |
| 515 North State Street | 8000 Sears Tower |
| Suite 2200 | 233 South Wacker Drive |
| Chicago, IL 60610 | Chicago, IL 60606 |
| | |
| Attorneys for Plaintiffs | Attorneys for Defendant |